IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARLIE D. QUIGLEY,

        Petitioner,                No. CIV S-09-1337 KJM P

    vs.

CALIFORNIA BOARD OF PAROLE      ORDER AND
HEARINGS, et al.,
                                          FINDINGS AND RECOMMENDATIONS
        Respondents.
                                  /

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

/////

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. The claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[1] The court notes that petitioner has filed a motion in which he asks that this matter be stayed so that petitioner can exhaust state court remedies. However, the court cannot stay a petition containing only unexhausted claims. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (district courts lack discretion to stay petitions containing only unexhausted claims); Jimenez v. Rice, 273 F.3d 478, 481 (2001) (district court obligated to dismiss petition containing only unexhausted claims).

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis (docket no. 7);

2. Petitioner's request for a stay (docket no. 8) is denied;

2. The Clerk of the Court is directed to assign a United States District Judge to this case; and

3. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California.

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending 28 U.S.C. § 2244(d).

1  written objections with the court.  The document should be captioned "Objections to Findings
2  and Recommendations."  Petitioner is advised that failure to file objections within the specified
3  time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
4  (9th Cir. 1991).
5  DATED: June 3, 2009.

_____
U.S. MAGISTRATE JUDGE

1
quig1337.103

3